**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| JOHN R. BLAKE, | : | **Hon. Jerome B. Simandle** |
|  | : |  |
| Petitioner, | : | Civil No. 04-5841 (JBS) |
|  | : |  |
| v. | : |  |
|  | : |  |
| FED. BUR. OF PRISONS, et al., | : | **O P I N I O N** |
|  | : |  |
| Respondents. | : |  |

**APPEARANCES:**

    JOHN R. BLAKE
    33 Maple Drive
    Deer Park, New York  11729
    Petitioner Pro Se

**SIMANDLE, District Judge**

    Petitioner John R. Blake filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his pre-release placement plan prior to the expiration of his term of imprisonment.  See 18 U.S.C. §§ 3621(b), 3624(c).  Because Respondents released Petitioner from custody upon the expiration of his sentence on August 10, 2005, the Court dismisses the Petition as moot.

**I.   BACKGROUND**

    Petitioner challenges his pre-release placement plan. Petitioner was sentenced on June 27, 2004, to a term of imprisonment of 12 months and one day, with a projected release

date of August 10, 2005.  On January 19, 2005, this Court signed the form of order submitted by Respondents, dismissing the Petition without prejudice as moot and vacating the Order to answer.

On April 13, 2005, Petitioner filed an "Emergency Motion to Reinstate Petition for Writ of Habeas Corpus."  Petitioner asserted that Respondents changed his CCC placement date from July 11, 2005, to July 12, 2005.  He maintained that, by essentially reinstating his 10% CCC placement date, Respondents failed to apply the policies in effect prior to December 2002, and acted in bad faith.  By Order entered May 18, 2005, this Court reopened the file, vacated the Order dismissing the Petition, and directed the parties to show cause why an order should not be entered directing Petitioner's immediate placement on home confinement.  Respondents filed a memorandum and declaration opposing home confinement and Petitioner filed a response.  It is undisputed that BOP released Petitioner from custody upon the expiration of his term of imprisonment on August 10, 2005.

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed."  Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because the Petition challenges the duration of Petitioner's confinement in the custody of BOP and Petitioner was in the custody of BOP at the time he filed the Petition.  See Spencer v. Kemna, 523 U.S. 1 (1998).  The question here is whether BOP's release of Petitioner upon expiration of his term of imprisonment caused the Petition to become moot because it no longer presents a "case or controversy" under Article III, § 2, of the United States Constitution.  See Spencer, 523 U.S. at 7; DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Chong v. Dist. Dir., INS, 264 F.3d 378, 383 (3d Cir. 2001).

The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution

3

limits the judicial power of federal courts to "cases or controversies" between parties.  U.S. CONST. art. III, § 2.  "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have 'a personal stake in the outcome' of the lawsuit."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).  "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted).

In Spencer v. Kemna, supra, the Supreme Court considered whether a habeas petition challenging the revocation of the petitioner's parole became moot when the petitioner's sentence expired.  The Court explained that, because the reincarceration that the petitioner incurred as a result of the allegedly wrongful termination of his parole was over and the petitioner had not proved the existence of "collateral consequences" of the parole revocation, the petition was moot.  See also Preiser v. Newkirk, 422 U.S. 395, 402 (1975).

In this case, Petitioner challenges BOP's pre-release custody plan.  BOP released Petitioner from its custody on August 10, 2005, upon the expiration of his term of imprisonment.  When the government released Petitioner from custody, the Petition

4

became moot because Petitioner was no longer threatened with "an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision."  Spencer, 523 U.S. at 7; see also United States v. Johnson, 529 U.S. 53 (2000) (statute addressing supervised release does not permit court to reduce period of supervised release even where BOP miscalculated term of imprisonment).  Accordingly, the Court dismisses the Petition as moot.

## III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition as moot.


                                    s/ Jerome B. Simandle
                                   JEROME B. SIMANDLE, U.S.D.J.


Dated:     December 6    , 2005